**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:17-cv-125-MOC
(1:15-cr-95-MOC-DLH-1)**

| | | |
|---|---|---|
| **AARON LEE HENDRICKSON,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1).

**I.     BACKGROUND**

On October 6, 2015, Petitioner was indicted in the underlying criminal case with: Counts (1) and (4), attempted Hobbs Act robbery; Count (2), using fire and an explosive to commit a felony, *i.e.*, Count (1); and Count (3), using, carrying, and possessing a firearm during and in relation to a crime of violence, *i.e.*, Count (1). (1:15-cr-95, Doc. No. 3). He was arraigned on November 2, 2015.

A superseding indictment filed on December 1, 2015, added two co-defendants and three charges. It charged Petitioner with: Count (1), maliciously damaging and attempting to damage and destroy, by means of fire and an explosive, a building, and real and persona property used in and affective interstate and foreign commerce and aiding and abetting the same; Counts (2) and (6), attempted Hobbs Act robbery; Count (3) using a fire and an explosive to commit a felony, *i.e.*, Counts (1) and (2); and Counts (4) and (5), using, carrying, and possessing a firearm during and

1

in relation to a crime of violence. (1:15-cr-95, Doc. No. 10). Petitioner signed a waiver of arraignment on December 2, 2015, the day after the superseding indictment was filed. (1:15-cr-95, Doc. No. 13).

Petitioner signed a written plea agreement on January 26, 2016, in which he agreed to plead guilty to Counts (1)-(3) of the "Superseding Bill of Indictment" in exchange for the Government's dismissal of Counts (4)-(6). (1:15-cr-95, Doc. No. 48). The plea agreement sets forth the relevant statutes and sentencing exposure as follows: Count (1), violation of 18 U.S.C. § 844(i); minimum of 5 years, maximum of 20 years; Count (2), violation of 18 U.S.C. § 1951; maximum of 20 years; Count (3), violation of 18 U.S.C. § 844(h), 10 years consecutive. (1:15-cr-95, Doc. No. 48 at 2). The parties' joint recommendations include the agreement that "the defendant used fire and an explosive to commit the felonies set forth in both Counts One and Two and therefore the ten year mandatory sentence will run consecutively to any sentence imposed in Counts One and Two." (1:15-cr-95, Doc. No. 48 at 2). The agreement states that the sentence has not yet been determined and that Plaintiff may not withdraw his plea based on the sentence imposed. (1:15-cr-95, Doc. No. 48 at 2). The agreement contains an express waiver of Plaintiff's rights to be tried by a jury, be assisted by an attorney at trial, confront and cross-examine witnesses, not to be compelled to incriminate himself. (1:15-cr-95, Doc. No. 48 at 5). There is also a knowing and voluntary waiver of Plaintiff's appellate and post-conviction rights except claims of prosecutorial misconduct and ineffective assistance of counsel. (1:15-cr-95, Doc. No. 48 at 5). The agreement states that there are no representations or understandings between the parties other than those in the plea agreement. (1:15-cr-95, Doc. No. 48 at 7).

A written factual basis that Plaintiff, also signed on January 26, 2016, provides that Plaintiff "unlawfully attempted to obstruct commerce by robbery … on two occasions….. [and a]s part of

the plan, [Plaintiff] constructed a pipe bomb and a gasoline bomb to be used as a diversion for law enforcement." (1:15-cr-95, Doc. No. 49 at 1). Further, "[o]n January 23, 2015 … HENDRICKSON admitted to creating the pipe bomb with [co-defendant] GUNTER…." (1:15-cr-95, Doc. No. 49 at 3).

A Rule 11 hearing came before Magistrate Judge Howell the next day, January 27, 2016. (1:15-cr-95, Doc. Nos. 50, 85). Petitioner was sworn, stated that he understood the case, and agreed that he wanted to plead guilty to "counts one, two, and three as contained in the superseding Bill of Indictment." (1:15-cr-95, Doc. No. 85 at 4). He admitted that he received a copy of the indictment and discussed the contents with his attorney. (1:15-cr-95, Doc. No. 85 at 5). The charges, maximum penalties, and minimum sentences were explained on the record. (1:15-cr-95, Doc. No. 85 at 5). He stated that he fully understood the charges against him – which were read aloud in open court – as well as his sentencing exposure. (1:15-cr-95, Doc. No. 85 at 5-14). He stated that he had discussed with counsel how the advisory guidelines might apply to his case, understood his sentencing exposure, and acknowledged that he may receive a sentence that is different than that called for by the guidelines. (1:15-cr-95, Doc. No. 85 at 14-16). He understood he has the right to plead not guilty, have a speedy trial before a judge and jury, to summons witnesses to testify, and to confront witnesses against him, that he would receive the assistance of a lawyer, would not be required to testify, would be presumed innocent, and the burden would be on the government. (1:15-cr-95, Doc. No. 85 at 15-17). He agreed to waive these rights, understood that there would be no trial and that there would be more hearing where he would be sentenced. He admitted that he is guilty of the counts to which he was pleading guilty. (1:15-cr-95, Doc. No. 85 at 18). He understood the terms of the plea agreement and agrees to them including the appellate and post-conviction waiver. (1:15-cr-95, Doc. No. 85 at 19-20). He read the factual basis for the

plea, understood it, and agreed with it. (1:15-cr-95, Doc. No. 85 at 20-21). Nobody threatened him, intimidated him, or forced him to plead guilty, nor had he received any promises of leniency or a light sentence to induce his plea. (1:15-cr-95, Doc. No. 85 at 21). He had enough time to discuss any possible defenses with counsel, was satisfied with the services of counsel, and had nothing to say about counsel's services. (1:15-cr-95, Doc. No. 85 at 21).

In a Judgment filed on May 9, 2016, the Court adjudicated Petitioner guilty of Counts (1)-(3) of the superseding indictment and sentenced him to 60 months' imprisonment as to Counts (1) and (2), concurrent, and ten years as to Count (3), consecutive, for a total of 180 months' imprisonment, followed by three years of supervised release. (1:15-cr-95, Doc. No. 71).

Petitioner timely filed the instant § 2255 Motion to Vacate on May 2, 2017. (Doc. No. 1). He argues that (1) ineffective assistance of counsel rendered the guilty plea involuntary; and (2) failure to arraign him on the superseding indictment violated due process. The Government filed a Response arguing that the claim of ineffective assistance of counsel is refuted by the record and that the due process claim is waived, procedurally defaulted, and meritless. (Doc. No. 5). Petitioner filed a letter that was docketed as a Motion to Amend, (Doc. No. 6), which is construed as a Reply. He argues that, had counsel performed effectively, he would have been arraigned on the superseding indictment which would have led him to accept a more favorable plea deal or go to trial.

## II. SECTION 2255 STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to

collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

The Sixth Amendment to the U.S. Constitution guarantees that in all criminal prosecutions, the accused has the right to the assistance of counsel for his defense. See U.S. Const. Amend. VI. To show ineffective assistance of counsel, Petitioner must first establish deficient performance by counsel and, second, that the deficient performance prejudiced him. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). The deficiency prong turns on whether "counsel's representation fell below an objective standard of reasonableness ... under prevailing professional norms." Id. at 688. A reviewing court "must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." Harrington v. Richter, 562 U.S. 86, 104 (2011) (quoting Strickland, 466 U.S. at 689).

The right to the assistance of counsel during criminal proceedings extends to the plea-bargaining process. See Missouri v. Frye, 566 U.S. 134 (2012). Thus, criminal defendants are "entitled to the effective assistance of competent counsel" during that process. Lafler v. Cooper, 566 U.S. 156, 162 (2012) (internal quotation marks omitted); Merzbacher v. Shearin, 706 F.3d 356, 363 (4th Cir. 2013). Where a defendant enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was "within the range of competence demanded by attorneys in criminal cases." Hill v. Lockhart, 474 U.S. 52, 56 (1985) (quoting McMann v. Richardson, 397 U.S. 759, 771 (1970)). To satisfy Strickland's prejudice prong, the defendant must show "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59; Meyer v. Branker, 506 F.3d 358, 369 (4th Cir. 2007).

5

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. In many cases, an evidentiary hearing is required to determine whether or not counsel was ineffective for misadvising a petitioner about a plea offer. See generally United States v. Witherspoon, 231 F.3d 923, 926–27 (4th Cir. 2000); 28 U.S.C.A. § 2255(b). After examining the record in this matter, the Court finds that the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

### III. DISCUSSION

**(1) <u>Ineffective Assistance of Counsel: Involuntary Plea</u>**

Petitioner contends that ineffective assistance of counsel rendered his guilty plea involuntary. He claims that counsel failed to inform him that a superseding indictment was filed which substituted explosives offense charges for the firearm charges in the original indictment. Without being aware of the actual charges against him, he waived several constitutional rights that he would not have waived had he known about the charges in the superseding indictment. He signed a waiver of arraignment, which does not mention a "superseding" indictment, without being aware of the actual charges against him on advice of counsel. He had no way of knowing that he was being charged with an explosives offense. Petitioner did not realize he had been misinformed until he was pleading guilty and it was too late to prepare a defense. By then, his choices were to continue with the plea or go to trial unprepared. If Petitioner had known the actual nature and causes of the accusations he would not have pled guilty. The misinformation and misleading advice

from counsel resulted in waiver of the right to be informed of the actual charges at arraignment and to exercise his right to test the government's case at trial before a jury.

As a preliminary matter, this claim is premised on a faulty factual basis insofar as Petitioner contends that the superseding indictment replaced a firearm charge with an explosives charge. The superseding indictment retained the original charges and added three charges; no replacement of a "firearm" with "explosives" occurred. See (1:15-cr-95, Doc. No. 3, 10). Petitioner's suggestion that the superseding indictment's reference to explosives was entirely new, is also incorrect. The original indictment charged using fire and an explosive to commit a felony in Count (2). See (1:15-cr-95, Doc. No. 3).

Petitioner's claim that his plea was involuntary due to ineffective assistance of counsel fails on the merits because the record reveals that Petitioner knowingly, freely, and voluntarily entered his guilty plea with full knowledge of the charges and the consequences of pleading guilty.

Before accepting a guilty plea, a district court must conduct a plea colloquy in which it informs the defendant of, and determines if the defendant comprehends, the nature of the charge to which he is pleading guilty, the maximum possible penalty he faces, any mandatory minimum penalty, and the rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b)(1); United States v. DeFusco, 949 F.2d 114, 116 (4th Cir. 1991). A court must also ensure that the plea is supported by an independent factual basis and is not the result of force, threats, or promises outside the plea agreement. Fed. R. Crim. P. 11(b)(2), (3).

The Court complied with Rule 11 by confirming that Petitioner understood the charges, his sentencing exposure, and the rights he was relinquishing by pleading guilty. Petitioner's present contentions that there was no factual basis for the plea and that he was not advised of the constitutional rights he would be waiving, the elements of the charges, and the nature of the

7

charges, are refuted by the plea agreement, factual proffer, and Petitioner's statements in open court. Petitioner was read the relevant statutes and elements of the offense in open court, he agreed that he understood the charges and discussed them with counsel, and he acknowledged the rights he was waiving by pleading guilty. The written plea agreement that Petitioner signed the day before the Rule 11 hearing, refers to the "Superseding Bill of Indictment," sets forth the offenses charged in Counts (1)-(3), and refers to Counts (4)-(6) that the Government will move to dismiss whereas the original indictment contained only three counts. The written factual proffer that Petitioner signed the same day as the plea agreement refers to Petitioner's manufacture and use of two explosive devices. Petitioner acknowledged his understanding of all the foregoing under oath at the Rule 11 hearing and specifically agreed that he had discussed possible defenses with counsel, was satisfied with counsel's performance, and was pleading guilty because he is guilty of those offenses. (1:15-cr-95, Doc. No. 85 at 18).

Petitioner's present self-serving and unsupported claims that he did not know a superseding indictment had been filed, did not understand the charges, and would have gone to trial but for counsel's alleged misadvice, are rejected. See Blackledge v. Allison, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible."); see, e.g., United States v. Lemaster, 403 F.3d 216, 221–22 (4th Cir. 2005) ("in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements."). Even if counsel failed to adequately explain the arraignment waiver or superseding indictment, any confusion was cured by

the written plea agreement, factual proffer, and Rule 11 hearing that informed Petitioner of the charges to which he was pleading guilty.

Nor has Petitioner established a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. Petitioner pled guilty to three charges and was sentenced to a total of 180 months' imprisonment. The Government dismissed an additional Hobbs Act violation that carried a potential 20-year sentence, and two § 924(c) counts that carried 5-year and 10-year consecutive sentences. See (1:15-cr-95, Doc. No. 10 at 3-5); 18 U.S.C. § 1951(a); 18 U.S.C. § 924(c)(1)(A)(i), (iii). Petitioner admitted in open court during the Rule 11 hearing that he discussed possible defenses with counsel, was completely satisfied with counsel's representation, and was pleading guilty because he was guilty. There is no reasonable probability that Petitioner would have rejected the guilty plea and gone to trial but for counsel's alleged failure to timely inform him of the superseding indictment under these circumstances. Further, Petitioner's suggestion that he would have accepted a more favorable plea agreement had he been arraigned on the superseding indictment is purely speculative. Petitioner has not identified anything in the record, or come forward with any evidence, to demonstrate that a more favorable plea agreement would have been forthcoming had he been arraigned on the superseding indictment.

Petitioner's claim that counsel provided ineffective assistance that rendered his guilty plea involuntary is therefore denied.

**(2)** **<u>Due Process</u>**

Petitioner contends that he was denied due process because he was not arraigned on the superseding indictment and was never informed of the charges against him.

9

First, this claim has been waived by Petitioner's knowing and voluntary guilty plea. An appellate waiver is generally enforceable where the waiver was knowingly and voluntarily made. United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992). The Fourth Circuit does not distinguish between the enforceability of a waiver of direct-appeal rights from a waiver of collateral-attack rights in a plea agreement. See Lemaster, 403 F.3d at 200. There are narrow exceptions to the enforceability of plea waivers such that "even a knowing and voluntary waiver of the right to appeal cannot bar the defendant from obtaining appellate review of certain claims." United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005). For instance, because "a defendant who waives his right to appeal does not subject himself to being sentenced entirely at the whim of the district court[,] ... a defendant could not be said to have waived his right to appellate review of a sentence imposed in excess of the maximum penalty provided by statute or based on a constitutionally impermissible factor such as race." Marin, 961 F.2d at 496.

Petitioner entered his guilty plea freely and voluntarily as set forth in Claim (1), *supra*, and none of the narrow exceptions to the waiver rule applies. Therefore, his due process claim is waived by the enforceable collateral waiver in his guilty plea.

Second, this claim is procedurally defaulted from § 2255 review. "Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." Bousley v. United States, 523 U.S. 614, 621 (1998) (internal citations omitted) ("the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review."); United States v. Sanders, 247 F.3d 139, 144 (4th Cir. 2001). In order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, a petitioner must show cause and actual prejudice resulting from the errors of which he complains or he must demonstrate that a miscarriage of justice would result from the refusal of the

10

court to entertain the collateral attack. See United States v. Frady, 456 U.S. 152, 167-68 (1982); United States v. Mikalajunas, 186 F.3d 490, 492–93 (4th Cir. 1999); United States v. Maybeck, 23 F.3d 888, 891-92 (4th Cir. 1994). Actual prejudice is then shown by demonstrating that the error worked to petitioner's "actual and substantial disadvantage," rather than just creating a possibility of prejudice. See Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997) (quoting Murray v. Carrier, 477 U.S. 478, 494 (1986)). To establish cause based upon ineffective assistance of counsel, a petitioner must show that the attorney's performance fell below an objective standard of reasonableness and that he suffered prejudice as a result. See Murray, 477 U.S. at 488; Strickland, 466 U.S. at 687. In order to demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack, a petitioner must show actual innocence by clear and convincing evidence. See Murray, 477 U.S. at 496.

It appears that Petitioner argues that ineffective assistance of counsel constitutes "cause" to excuse his procedural default. Assuming *arguendo* that counsel performed deficiently with regards to arraignment on the superseding indictment, this claim still fails because Petitioner cannot show actual prejudice. Any claim that counsel's alleged ineffectiveness actually and substantially disadvantaged Petitioner is contradicted by his knowing and voluntary entry of a favorable guilty plea. See Claim (1), *supra*. He does not appear to argue actual innocence and any such claim is conclusively refuted by his knowing and voluntary guilty plea. See Blackledge, 431 U.S. at 74; Lemaster, 403 F.3d at 221–22. Petitioner has failed to demonstrate either cause and actual prejudice or actual innocence, and therefore, the due process claim is procedurally defaulted from § 2255 review.

Finally, even if Petitioner's due process was not waived and procedurally defaulted, it would fail on the merits. An arraignment is required on every indictment and superseding

11

indictment. Hamilton v. State of Ala., 368 U.S. 52, 55 (1961) (noting under federal law that "an arraignment is a *sine qua non* to the trial itself"); see Fed. R. Crim P. 10 (defendant must be advised in open court of the "substance of the charge"). Although a defendant can waive his personal appearance at arraignment, the proceeding itself cannot be waived: "It is important to note that the amendment does not permit the defendant to waive the arraignment itself, which may be a triggering mechanism for other rules." Advisory Committee Notes, Fed. R. Crim. P. 10 (2002 Amend.). However, "[a] failure to arraign only warrants a reversal if it causes prejudice or impairs a substantial right." United States v. Williams, 152 F.3d 294, 299 (4th Cir. 1998) (citing Garland v. Washington, 232 U.S. 642 (1914)); see United States v. Boruff, 909 F.2d 111, 118 (5th Cir. 1990) (failure to object to an arraignment error before a judgment is entered makes an arraignment error harmless).

Petitioner signed an arraignment waiver after he was arraigned on the original indictment one day after the superseding indictment was filed. He signed a plea agreement that referred to the "Superseding Bill of Indictment," and entered a knowing and voluntary guilty plea after being informed of the charges in open court. He failed to object prior to judgment that he was not arraigned on the superseding indictment. These contentions are refuted by his statements in open court that he is guilty of Counts (1)-(3) and that he discussed potential defenses with counsel and was completely satisfied with counsel's services. His allegations that he would have gone to trial or would have received a more favorable plea offer had he been arraigned are conclusory and refuted by the record. See Claim (1), *supra*. Petitioner has failed to establish either prejudice or the impairment of a substantial right under these circumstances. See, e.g., Williams, 152 F.3d at 299 (no reversible error occurred where defendant was never arraigned on a superseding indictment where he suggested no prejudice from the minor alteration in the original indictment

and made no arguments as to how his defense was impaired or prejudiced); United States v. Wilford, 689 Fed. Appx. 727, 729 (4th Cir. 2017) (defendant failed to establish prejudice or the impairment of a substantial right where he was never formally arraigned but was properly advised of the charges at his initial appearance, counsel received a copy of the superseding indictment and filed numerous pretrial motions, and defendant never raised the lack of an arraignment in the district court), *petition for cert. filed*, (U.S. Nov. 29, 2017) (No. 17-6892).

Therefore, Petitioner's due process claim is dismissed with prejudice as waived and procedurally defaulted and, alternatively, it is denied on the merits.

### IV.  CONCLUSION

For the foregoing reasons, the Motion to Vacate is dismissed and denied. Petitioner's Motion to Amend will be granted insofar as it is construed as a Reply to the Government's Response and has been considered by the Court.

**IT IS, THEREFORE, ORDERED** that:

1. The Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), is **DISMISSED** with prejudice and **DENIED**.

2. Petitioner's Motion to Amend, (Doc. No. 6), is **GRANTED** insofar as the pleading is construed as a Reply and has been considered by the Court.

3. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is

denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: April 5, 2018

Max O. Cogburn Jr.
United States District Judge